UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LINDSAY DUNESKE**, <br><br> Plaintiff, <br><br> vs. <br><br> **KENNETH DUNESKE, JR,** <br><br> Defendant. | **2:23-CV-13140-TGB-KGA** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION & ORDER DISMISSING COMPLAINT** |

This matter first came before the Court on September 28, 2021, as part of its miscellaneous docket, Case No. 2:21-51224. *See* ECF No. 1, PageID.1. Plaintiff Lindsay Duneske makes several requests, among others, to (i) void "all judgments, reliefs, debts, orders, etc." made by South Carolina's Greenville County Family Court "related to the aforementioned case numbers"; (ii) "facilitate the safe and immediate return of the minor children to [Plaintiff]"; (iii) restrain Defendant Kenneth Duneske, Jr. and "all of his accomplices" from contact with their children; and (iv) "pursue…criminal charges against the involved parties." *Id.* at PageID.7.

For the reasons explained below and discussed at length in the Court's January 23, 2024 Order to Show Cause (ECF No. 7), Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**I. DISCUSSION**

1

The complaints of litigants without lawyers are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, they must comply with Federal Rule of Civil Procedure 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require "detailed" factual allegations, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint is considered "frivolous" and subject to dismissal if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319 (1989).

The South Carolina court which Plaintiff asks this Court to enjoin has already found merit in the claims of Defendant Kenneth Duneske, rejected Plaintiff's counterclaims and allegations of impropriety, and entered judgment against her. Plaintiff is now barred from reasserting the same claims she presented, or should have presented, to that court. Additionally, in so far as Plaintiff seeks to impose liability on Defendant here—her theories are necessarily premised on the invalidity of the state court's decisions—and are, therefore, barred by the doctrine of collateral estoppel.

Accordingly, on January 23, 2024, the Court issued an Order to Show Cause. ECF No. 7. The Order explained the deficiencies in Plaintiff's complaint. It also warned Plaintiff that if she (i) did not file a

response within fifteen (15) days or (ii) filed any non-responsive documents, this matter would be dismissed on the merits. *See Doe v. Oberlin Coll.*, 60 F.4th 345, 353 (6th Cir. 2023).

The 15-day period has elapsed without further action by Plaintiff. Plaintiff's claims remain patently frivolous and should not be permitted to consume the resources of the Court or the other parties.

## II. CONCLUSION

Plaintiff Lindsay Duneske's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). All pending motions (ECF Nos. 1, 3) are **DENIED AS MOOT.**

**SO ORDERED**.

Dated: February 20, 2024          s/Terrence G. Berg
                                  TERRENCE G. BERG
                                  UNITED STATES DISTRICT JUDGE